# Shirley *et al. v.* Teal.

*Bill in Equity by Judgment Creditor to have Mortgage Declared General Assignment.*

| 67 | 449 |
|----|-----|
| 100 | 206 |
| 67 | 449 |
| 112 | 571 |

1. *General assignment; mortgage conveying substantially all debtor's property is.*—A mortgage conveying substantially all the debtor's property for the security of a particular creditor, or creditors, to the exclusion of others, the intention of which is to secure a preference to the former over the latter, operates as a general assignment for the benefit of all the creditors of the grantor equally.

| 67 | 449 |
|----|-----|
| 137 | 297 |

2. *Same; age of debt not material when mortgage held to operate as.*—In such a case the mortgage operates as a general assignment, although it was executed to secure, in part, money to be advanced by the mortgagee to the mortgagor, since the statute prohibiting preferences makes no distinction as to the age of the debt.

| 67 | 449 |
|----|-----|
| 188 | 292 |

3. *Same; conveyance of exempt property not held to be.*—When a debtor conveys, by mortgage, substantially all his property, to a creditor, intending thereby, to give him a preference, it will not operate as a general assignment of any property which is exempt from levy and sale under execution.

4. *Same; when decree declaring mortgage of exempted property to be, not erroneous.*—A decree declaring a mortgage which conveys, substantially, all the debtor's property to a creditor, in preference to his other creditors, to be a general assignment, is not erroneous, if the mortgage conveyed any property not exempt from legal process issued to enforce the mortgagor's debts.

APPEAL from Pike Chancery Court.

Heard before Hon. H. AUSTILL.

This was a bill in chancery, filed November 27, 1877, by Arnold Teal against Jas. S. Shirley and Fox Henderson. The bill alleged that James S. Shirley and wife executed a mortgage to Henderson & Co., on certain lands in Bullock county, and the crops raised thereon; that the defendant, Fox Henderson, was a member of said firm, and the only

one interested in said mortgage ; that at, and before, the time when this mortgage was executed, the complainant was a creditor of said Shirley, the debt being evidenced by a promissory note made by Shirley, and one Kelly, and on which complainant recovered a judgment for $279, at the April, or Spring Term, of the Circuit Court of Pike county ; that Kelly is insolvent ; that the mortgage made by Shirley to Henderson & Co., conveyed, substantially, all his property ; that it contained a " waiver clause of exemptions," and was signed by the wife of Jas. S. Shirley, who was examined apart from her husband, and her acknowledgment taken as required by law ; that the law day of the mortgage had passed ; that it hindered and delayed complainant in the collection of his debt ; that if said property was sold the proceeds would be more than sufficient to pay the mortgage. The bill prayed that an account be taken of the amount due complainant and said Henderson, and that a sale of the mortgaged property be decreed to satisfy both debts, charging against said Henderson all the proceeds of the mortgaged property which he had received, and for general relief. The answers admitted the facts set out above, but denied any intention to hinder or delay complainant in collecting the debt, and averred that it was given in good faith and for a valuable consideration. The answer of Fox Henderson stated that the mortgage executed by Shirley to Henderson & Co. embraced all the available property owned by said Shirley to secure a balance due from a preceding year, and the further advances stipulated for in the mortgage, which were made to enable the mortgagor to make a crop on the mortgaged premises.

The court sustained a demurrer to the bill because all the members of the firm of Henderson & Co. were not made parties, and they were then brought in as parties. Jas. S. Shirley amended his answer, making it a cross-bill, and claiming that one hundred and sixty acres of the land described in the mortgage was exempt to him as a homestead under the laws of Alabama, and also, one thousand dollars, in value, of personal property, which is set out specifically in the cross-bill, and some of which appears in the mortgage to Henderson & Co. This cross-bill prayed that this property might be set apart to him as exempt. The Chancellor rendered a decree declaring that the mortgage to Henderson & Co. operated as a general assignment, and referred it to the register to state an account of the debts due complainant, and Henderson & Co., ascertaining the amount advanced annually by Henderson & Co., to Shirley, to enable him to make crops, and the value of the proceeds of the crop realized by Hen-

[Shirley et al. v. Teal.]

derson & Co., and which should be applied each year to satisfy the lien of Henderson & Co. on such crops, and the surplus be directed to be applied to the payment of the mortgage debts. This decree is assigned as error.

JOHN D. GARDNER, for appellants.—The mortgage is certainly not a general assignment, so far as it conveys the homestead of Jas. S. Shirley, and other property included in the claim of exemption, for such a conveyance could not be assailed for fraud upon creditors.

W. H. PARKS, for appellee.—The mortgage made by Shirley embraced all his property, and was, therefore, a general assignment. It also contained a waiver of exemptions, and no exemptions can therefore be had under it against Teal's debt, for that was, in legal effect, included in it. The debt due by Shirley, and secured by the mortgage, was a balance carried over from a preceding year, and in addition, advances to make a crop, so that even in the event of a simple foreclosure, the rule established by the Chancellor was the correct one.

SOMERVILLE, J.—The only assignment of error presented by the record in this case is, that the Chancellor erred in declaring the mortgage executed by J. S. Shirley and wife, on January 5th, 1877, to J. A. Henderson & Co., to be a general assignment. The consideration of the mortgage is recited to be a debt due by Shirley to the mortgagees "by crop-lien note," of even date with the instrument, for the sum of $1,200, and " to further secure the payment of said sum, *together with any amounts that may be advanced under said lien note.*" The pleadings and proof show that this note was intended to secure the balance due from Shirley to the mortgagees upon an old indebtedness, and whatever additional sum might be advanced during the current year to enable Shirley to make a crop.

It is a plain and well settled proposition of law that a mortgage, or deed of trust, which conveys *substantially all the debtor's property* for the security of one or more particular creditors, to the exclusion of others, the intention of which is to secure a preference or priority of payment to the former over the latter, operates as a general assignment under the statute, and enures to the benefit of all the creditors of the grantor equally.—Code, (1876), § 2126 ; *Warren v. Lee*, 32 Ala. 440 ; *Stetson & Co. v. Miller*, 36 Ala. 642 ; 1 Brick. Dig. p. 130, § 97.

The purpose of the statute (Code, § 2126) is to prohibit a debtor from exercising the right which he had at common

law to prefer one creditor to another, where he seeks to do so by disposing of all of his property by mortgage or other like security. Its policy is similar, in nature and design, to that of all bankrupt laws, which is to secure a *pro rata* distribution of the assets of insolvent debtors equally among all his creditors. The fact that all of the grantor's property, or, substantially all, is included in the conveyance, seems, in such cases, conclusive of the fact of his insolvency.

The fact is not denied, that, in this case, Shirley included all of his property in the mortgage to Henderson & Co. The instrument was clearly a general assignment, and is none the less so by reason of being executed to secure, in part, moneys promised to be advanced to the mortgagor by the mortgagees *in futuro*. The statute prohibits the giving by a debtor of a preference or priority of payment, by general assignment, to one or more creditors. It makes no distinction between the creditor of a day and one of an hour. The age of the debt is not material.—Code, 1876, § 2126 ; *Lovelace v. Webb*, 62 Ala. 271.

It is urged, however, by the counsel of the appellant, that this mortgage cannot be held a general assignment as to any property conveyed by it, which is shown to be exempt from execution in behalf of the debtor, at the time of its date and delivery. We think the principle invoked is a sound one, because no creditor can be considered as suffering prejudice by a sale or mortgage of such property.—*Lehman, Durr & Co. v. Bryan*, (MSS. present term.) It cannot be contemplated that the statute under consideration intended to interfere with, or restrict the well established rights of a debtor in disposing of his exempt property. No conveyance or transfer of property of this description would, in our opinion, be such a preference as to come within the evils designed to be prohibited by the legislature. The debtor is authorized by law to claim his exemptions against all of his creditors. We cannot appreciate the force of the logic which would convert a special waiver in favor of one, into a general waiver in favor of all.—Thomp. Homst. & Ex. § 421 ; Burrell on Assign. § 96-7 ; Bump on Fraud. Con. § 268.

But the evidence does not clearly show that the property conveyed by the mortgage, and that described in the schedule of exemptions is identical, nor is there any sufficient averment to that effect in Shirley's answers. It is manifest, however, that some of it appears to be the same. We cannot conclude, therefore, that the Chancellor erred in simply declaring the mortgage a general assignment, for the conclusion would be proper if it conveys any property not exempt from legal process issued to enforce the mortgagor's

[Mayrant & Co. v. Marston, Brown & Co.]

debts. So far as the exempted property is concerned, it remains unaffected by the decree, the question of such a claim being a matter for future determination, and a proper subject of reference to the register, under appropriate instruction from the Chancellor.

The decree is affirmed.