# Otis *v.* Maguire.

*Bill in Equity by Creditors, to have Conveyance declared General Assignment.*

1. *Absolute sale and conveyance ; not declared general assignment.* An absolute, unconditional sale and conveyance of his property by a debtor, free from all reservation, in payment and satisfaction of antecedent debts, can not be declared a general assignment, enuring to the benefit of all his creditors equally (Code, § 2126; Sess. Acts 1882-3, p. 189), although it may embrace all his property, and he is insolvent.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 10th November, 1884, by William Otis, a creditor of John Maguire, on behalf of himself and all other creditors who might come in and make themselves parties complainant with him, against the said John Maguire and several other persons ; and sought to have a certain conveyance, which said Maguire had executed to his co-defendants, declared and established as a general assignment, enuring to the benefit of all of the grantor's creditors equally. The conveyance, a copy of which was made an exhibit to the bill, was dated October 13th, 1883, and contained recitals and stipulations as follows :

" *Whereas* the undersigned, John Maguire, of the city of Mobile, Ala., is justly indebted as is set forth in the schedule hereto attached, the whole of said indebtedness being this day the sum of $52,800, computing interest to date on such part thereof as is past due, and abating interest from this date to the maturity of such part thereof as is not yet due : And *whereas* Peter Burke, also of said city, and mentioned in said schedule, has agreed and undertaken, in consideration of the interest in real and personal property hereinafter sold and conveyed to

him, to accept such interest in full satisfaction and discharge of
said Maguire's indebtedness to him, as set forth in said schedule,
amounting to $1,175 ; and to fully pay and satisfy the whole
of each of the promissory notes upon which he is the sole in-
dorser, and the bill of exchange of which he is the acceptor, as
set forth in said schedule, amounting to $11,210.49 ; and to
hold the said Maguire safe and harmless against paying any
part of said promissory notes and bill of exchange ; and to fully
pay and satisfy one-half of each of the promissory notes upon
which he is one of the indorsers, as set forth in said schedule,
the whole of the one-half to be so paid by him amounting to
the sum of $6,844.42, and to hold the said Maguire safe and
harmless against paying each of said promissory notes, to the
extent of one-half thereof :  Now therefore, in consideration of
such undertaking and agreement on the part of said Burke, the
said Maguire does by these presents grant, bargain, sell, convey,
transfer and set over, unto the said Peter Burke, an undivided
interest in all the property, real and personal, hereinafter de-
scribed ; such undivided interest being such proportionate share
of the whole thereof, as is the proportion of the aggregate
amount of the indebtedness to him so satisfied, and that of
which he has so assumed the payment, to the whole amount of
the indebtedness set forth in said schedule."

The conveyance contained similar recitals and stipulations as
to the debts due to each of the other grantees, ten in all, or the
debts assumed by them, and for which they were liable as surety
or indorser for the said Maguire.  The property conveyed con-
sisted of certain real estate in the city of Mobile, a dredge-boat
and snag-boat, with their furniture, tackle and appliances, the
stock of goods then on hand belonging to said Maguire as a
merchant, with all the debts then due to him, whether by note,
bill of exchange, account, or otherwise ; and this property was
conveyed to the said grantees, " to have and to hold as their own
absolute property, in the several proportions in which the same
has hereinbefore been conveyed to them." The bill alleged that
Maguire was utterly insolvent at the time of the execution of
this conveyance, and that it embraced all his property of every
description, and was in legal operation and effect a general as-
signment, though claimed by the grantees to be an absolute sale
and conveyance ; and it prayed that the conveyance be declared
a general assignment, and for an account and general relief.

The chancellor sustained a demurrer to the bill, for want of
equity, on the ground that the conveyance was an absolute and
unconditional sale, and could not be declared a general assign-
ment ; and his decree is now assigned as error.

JAMES BOND, for the appellants.—The demurrer admits the

[Otis v. Maguire.]

insolvency of the debtor, and that the conveyance embraces all of his property ; and the conveyance shows on its face that it is an attempt to provide for the payment or security of certain preferred creditors, to the exclusion of all others. No valuation is placed on the property, and no particular portion or interest is conveyed to each grantee, but only an undivided interest proportioned to his debt or liability. It is an attempt to accomplish by evasion and indirection what the law prohibits when done directly ; and it can not receive the sanction of a court of equity, which looks to the substance rather than the form of things. Such a conveyance is not declared void, but it is in legal effect a general assignment.—*Holt v. Chambers*, 30 Ala. 193 ; *Price v. Mazange*, 31 Ala. 701 ; *Warren v. Lee*, 32 Ala. 440 ; *Longmire v. Goode & Ulrick*, 38 Ala. 577 ; *Murphy v. Caldwell*, 50 Ala. 461 ; *Teal v. Shirley*, 67 Ala. 449 ; *Danner v. Brewer*, 69 Ala. 191. The consideration moving from some of the grantees is their promise to pay certain outstanding debts, for which they were already liable ; and this might be enforced by the creditors, as a trust for their benefit. *Toulmin v. Hamilton*, 7 Ala. 362 ; *Ohio Life Ins. & Tr. Co. v. Ledyard*, 8 Ala. 866 ; *Moses v. Murgatroyd*, 1 John. Ch. 129. Whenever a general assignment is executed for the benefit of preferred creditors, the statute engrafts upon it, whatever may be its form, a trust for the benefit of all creditors.—69 Ala. 199.

R. H. CLARKE, and J. L. & G. L. SMITH, *contra*, cited *Crawford v. Kirksey*, 55 Ala. 294 ; *Danner v. Brewer*, 69 Ala. 200 ; *Johnson v. McGrew*, 11 Iowa, 151 ; 47 Ill. 521 ; 23 Ind. 285 ; 57 Penn. St. 221 ; *Anderson v. Anderson*, 64 Ala. 405 ; *Lockard v. Nash*, 64 Ala. 385 ; *Bibb v. Freeman*, 59 Ala. 612 ; *Eskridge v. Abrams*, 61 Ala. 139 ; *Harkins v. Bailey*, 48 Ala. 376 ; *Com. Bank v. Brewer*, 71 Ala. 574 ; *Huckabee v. May*, 14 Ala. 263.

SOMERVILLE, J.—The question presented in this case is, whether an absolute and unconditional sale of a debtor's property to his creditors, for a valuable consideration, can be declared an *assignment*, within the meaning of section 2126 of the Code. This section, as amended by an act approved February 23, 1883, provides, that "every general assignment made by a debtor, by which a preference or priority of payment is given to one or more creditors over the remaining creditors of the grantor, shall be and enure to the benefit of all the creditors of the grantor equally ; but this section shall not apply to, or embrace mortgages, given to secure a debt contracted contemporaneously with the execution of the mortgage, and for the

[Steed v. Hinson.]

security of which the mortgage was given."—Acts 1882–83, p. 189.

The case of *Danner & Co. v. Brewer & Co.*, 69 Ala. 191, is an authority directly in point upon the question before us. It was there decided that an absolute sale, unconditional and free from all reservation, which is executed in payment or satisfaction of antecedent debts, is not an assignment, and does not come within the statute. The species of transaction, against which the statute is levelled, is distinguishable from a mere sale. It involves the transfer by a debtor of property by mortgage, deed of trust, or other conveyance intended as *a security* for, and not in payment or satisfaction of a debt due his creditor. It therefore implies the idea of *a trust*, under the operation of which there is the possibility of a reversion to the debtor of some interest in the proceeds of sale of the property assigned. When the debts intended to be secured are paid, the surplus, after deducting lawful expenses, goes back to the debtor. Such an assignment does not, *ipso facto*, like a sale, satisfy the claims of the creditors to any extent, but only "provides a method for raising the means with which to pay them."—Burrill on Assign. (4th Ed.) § 4 ; *Bebb v. Preston*, 1 Iowa, 460 ; *Blank v. German*, 5 Watts & Serg. 36 ; *Danner v. Brewer, supra ; Shirley v. Teal*, 67 Ala. 449 ; *Com. Bank v. Brewer*, 71 Ala. 574 ; Bump on Fraud. Conv. (3d Ed.) 329–30.

The decree of the chancellor, sustaining the demurrer to the bill, is free from error, and must be affirmed.