# Ordway & McGuire *et al. v.* White, Handley *et al.*

*Bill in Equity to have Mortgage declared a General Assignment.*

1. *General assignment; what constitutes.*—A mortgage given by a debtor to one of his creditors will be declared a general assignment at the instance of the others (Code, § 2126), if it conveys substantially all of his property that is subject to the satisfaction of his debts ; but the burden of proof on this issue is on them.

2. *Same; evidence sufficient to entitle complainants to decree.*—The only evidence being that of the debtor himself, who testifies that, at the time the mortgage was executed, he owned no other land than his homestead, besides the tract conveyed by the mortgage, and that his personal property was not worth one thousand dollars, this is sufficient to entitle the complainants to a decree.

APPEAL from the Chancery Court of Tuscaloosa.

Heard before the Hon. THOMAS COBBS.

This was a bill in equity exhibited on 2nd July, 1883, by Ordway & McGuire and judgment creditors of J. H. Ward & Co., against the said J. H. Ward and the firm of White, Handley & Co. The bill alleges that, in order to secure an indebtedness then past due, the said Ward and his wife had executed to the said White, Handley & Co. a mortgage on a tract of land, which constituted substantially all of the property of the said Ward that was subject to the satisfaction of his debts. The bill prayed that this conveyance, a copy of which was made an exhibit, be declared a general assignment, and that the lands embraced therein be sold for the benefit of all the creditors who should come in and make themselves parties under the rules and practice governing creditor's bills. The decree of the chancellor adjudging that complainants were not entitled to relief, and dismissing their bill, is here assigned as error.

VAN HOOSE & POWELL, for appellants.

A. C. HARGROE and W. C. JEMISON, *contra.*
VOL. LXXX.

[Walker et al. v. Daimwood & Norris et al.]

STONE, C. J.—The conveyance in this case is, in form, a mortgage, securing one creditor, and, for that purpose, conveys a tract of land. The bill is filed by other creditors, and seeks to have the mortgage declared a general assignment. In such issue, the burden of proof is on the complainants. The principal testimony relied on by complainants is that of the mortgagor, Ward. His testimony is, that in addition to the lands conveyed by the mortgage, he owned no real estate other than his homestead. His exact language in reference to his personal property, as found in his deposition, is as follows: "At the time I gave the said mortgage to White, Handley & Co., all of my personal property was not worth one thousand dollars in cash." There is no testimony in the transcript that tends in the slightest degree to show a larger amount of personal property owned by Ward, or that his testimony is in.any respect untrue. We think the complainants made sufficient proof to establish the averments of their bill, and that at the time the mortgage was executed, it conveyed substantially all the property the mortgagor owned liable to the satisfaction of his debts. *Shirley v. Teal,* 67 Ala. 449; *Du Bose v. Carlisle,* 51 Ala. 590; *Danner v. Brewer,* 69 Ala. 191.

The decree of the chancellor is reversed, and here rendered, granting to complainants the relief prayed. The cause will be remanded that the chancellor may make the proper orders for carrying the decree into effect.

Reversed, rendered in part, and remanded.