[Parsons & Sons et al. v. Johnson et al.]

# Parsons & Sons *et al. v.* Johnson *et al.*

*Bill in Equity by Creditors to Declare a Conveyance by Debtor to Trustee for certain Creditors a General Assignment.*

1. *Declaring mortgage to be general assignment.*—When a bill seeks to have a mortgage, or deed of trust, executed by an insolvent debtor in favor of some of his creditors, declared and enforced as a general assignment (Code of 1876, § 2126), the *onus* is on the complainants to show that the instrument conveys substantially as security all of the debtor's property which is subject to the payment of his debts.

2. *Amendment inconsistent with original bill.*—An amendment can not be allowed which is repugnant to the prayer and purpose of the original bill, and which would make it multifarious; as where the original bill seeks to have a mortgage declared and enforced as a general assignment, and the amendment seeks to reach and subject other property alleged to have been fraudulently conveyed by the debtor to his wife, bringing her in as a party.

APPEAL from Tuskaloosa Chancery Court.
Heard before Hon. THOMAS COBBS.

VAN HOOSE & POWELL, for appellants.

WOOD & WOOD, McEACHIN & McEACHIN, and J. M. MARTIN, *contra.*

STONE, C. J.—A mortgage, or trust deed, bearing date November 8, 1880, was executed by Nelson D. Johnson to Rankin as trustee, conveying a stock of merchandise, and authorizing its sale for the benefit of certain named creditors of the mortgagor. It is not denied that the debts named in the mortgage are *bona fide*, and it is admitted that the property conveyed is not of sufficient value to pay the secured debts in full. The complainants in the present suit are certain other creditors of Johnson, not provided for in the trust deed. They make no attack on the *bona fides* of the conveyance. The gravamen of their bill is, that the deed conveys substantially all the property of the debtor that is subject to his debts, and that it is therefore a general assignment which inures alike and equally to the benefit of all the grantor's creditors. The original bill contains but a single

prayer for relief, in the following language: "That your honor will decree the said assignment made by said N. D. Johnson to said David P. Rankin, trustee, on the 9th Nov., 1880, to be a *general assignment* for the benefit of all the creditors of the said N. D. Johnson, who make themselves parties to this bill." The controlling purpose of the bill is to have the trust administered for the benefit of all the creditors *pari passu.* A bill for such a purpose assumes the burden of the issue; and it is essential to success that complainant prove affirmatively that the instrument conveys not absolutely, but as security—substantially all the debtor's property which is subject to the payment of his debts. *Perry Ins. & Trust Co. v. Foster,* 58 Ala. 502; *Shirley v. Teal,* 67 Ala. 449; *Danner v. Brewer,* 69 Ala. 191; *Ordway v. White,* 80 Ala. 244. The chancellor, in weighing the testimony, reached the conclusion that this indispensable charge was not made good, and we concur with him in this conclusion.

The original bill contains many charges, very general in form, to the effect that Nelson D. Johnson had other effects, fraudulently or secretly conveyed away, which ought to be made subject to his debts. It more than insinuates that in property held in his wife's name, the rightful ownership was in him, the said Nelson D. Interrogatories were propounded to him, which he was required to answer under oath, in reference to property so fraudulently held for him. Yet Mrs. Johnson was not made a party defendant to the bill, nor was any relief, general or special, prayed as to property so alleged to be fraudulently held for his use or enjoyment. As we have said, the original bill has but one prayer for relief, that copied above. The bill not seeking to follow the property so alleged to have been fraudulently conveyed, to any logical result; not seeking to condemn it to the payment of the said Nelson's debts, it furnished no ground for a demurrer. Perhaps the proper practice would have been a motion to strike it from the bill as impertinent. It surely had no office to perform germane to the purposes of the bill, but, if true, tended to disprove the fundamental averment on which relief was prayed. Framed as the original bill was, these averments were redundant.

An amendment of the bill was offered, after the proof was all taken and published. By that amendment it was proposed to make Mrs. Johnson a party defendant and to have certain property claimed by her sold in payment of her hus-

band's debts. The property thus sought to be reached is not embraced in the trust deed, which the original bill sought to have declared a general assignment. If that feature had been embraced in the original bill, or the amendment had been allowed, it would have presented a most palpable case of repugnancy and multifariousness. In the original bill, only the trustee and the creditors provided for in the trust-deed, were proper parties defendant; for only their interests were sought to be injuriously affected by the proceedings. Mrs. Johnson could not possibly have any interest in that question. Under the amendment offered the proposition was to recover and utilize in the payment of Johnson's debts, property outside of the trust deed, which Mrs. Johnson claimed, while the beneficiaries asserted no right to it. This would affect Mrs. Johnson injuriously, but could not injure the beneficiaries under the trust deed.. If they had any interest in that question, it was on the side of complainants, because its object and tendency were to augment the assets for the payment of Johnson's debts.—*Seals v. Pheiffer*, 77 Ala. 279. The chancellor did not err in disallowing the amendment.

Affirmed.