# Collier & Jones *v.* Wood Brothers.

*Bill in Equity by Creditor, to enforce and foreclose Mortgage as General Assignment.*

1. *Mortgage for advances, as general assignment.*—A mortgage given to secure an indebtedness for advances, past, present, and future, con-

veying the mortgagor's crop then planted, and substantially all the rest of his property, will be declared and enforced as a general assignment at the instance of another creditor, enuring equally to the benefit of all the creditors (Code, § 1737), so far as it secures the past indebtedness, but not as to advances made on the faith of it.

2. *Lien of execution lost by laches.*—The lapse of an entire term, without the issue and return of an execution, works a forfeiture of the lien (Code, § 2894) ; and when so lost, it is not revived by a subsequent execution, though a new one may be thereby acquired.

3. *Conveyance of exempt property; distribution among creditors.* When exempt property is embraced in a mortgage, which is afterwards declared a general assignment, only creditors having a waiver of exemp:ions can share in the proceeds of its sale, on a distribution of the entire proceeds of the mortgaged property among all the creditors.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 8th October, 1886, by Wood Brothers, merchants and partners in trade, as creditors of Ezekiel Warrick, against said Warrick, G. C. Collier and Thomas H. Jones, the two latter being partners in trade doing business under the firm name of Collier & Jones; and sought to have a mortgage, which Warwick had executed to Collier & Jones, declared a general assignment, and enforced and foreclosed as such for the benefit of all said Warrick's creditors equally. The mortgage, a copy of which was made an exhibit to the bill, was dated the 21st May, 1886, and filed for record on the next day; purported to be given to secure an indebtedness of $700 to said Collier & Jones, due by promissory note of even date with the mortgage, due October 1st, 1886, "and any other amount they may advance to me [Warrick], in money or otherwise, before the 1st day of January, 1887;" and conveyed property which was thus described: "My entire crop grown the present year by me, or under my control or direction, on the E. Hendricks plantation, and all other plantations cultivated by me, or under my direction, in Pike county, Alabama; also, two mules," particularly described, "one cow and calf, one sow, twenty head of hogs, one road-wagon and harness, one cane-mill, with two kettles, and all of my household and kitchen furniture." The complainants recovered a judgment for $68 against said Warrick, on the 9th May, 1884, in which was included a waiver of exemptions of personal property; and executions on this judgment had been issued and returned as follows: 1st, May 21st, 1884, returned "No property found" October 17th, 1884; 2d, December 21st, 1884, with same return April 8th, 1885; and, 3d, issued July 23d, 1886, with same return. The bill alleged that the mortgage conveyed substantially all

of the property belonging to said Warrick; that the advances made to him, under it, by Collier & Jones, during the year 1886, did not exceed $500; and that they had received, of the crops raised during the year, enough to pay that indebtedness.

A joint and several answer was filed by the defendants, in which they admitted that the mortgage conveyed substantially all of the mortgagor's property; and in answer to particular interrogatories, they stated the consideration of the mortgage, the advances made at different times by Collier & Jones to the mortgagor, and the amount and value of the property which they had received under the mortgage. According to these statements, Collier & Jones had been making advances to Warrick for several years, to enable him to make a crop, taking a mortgage on his crop and other property each year, and carrying the balance at the end of the year into the next mortgage; the balance of indebtedness for 1885, carried into the mortgage of 1886, was $673.70; the amount of advances made during the year 1886, under the mortgage, was $372.74; the proceeds of sales of cotton received, from the crop of 1886, $162.60; leaving a balance of $810.98 due and unpaid, which, as they alleged, was more than the value of the residue of the mortgaged preperty.

The cause being submitted for decree on bill and answer, with exhibits, the chancellor declared the mortgage a general assignment, and ordered a reference to the register, to ascertain and report, after due advertisement, the names of creditors, with the amount of their respective debts; " also, the present condition of the mortgaged property, into whose hands it has gone, and the value thereof." Under this reference, the register reported, that the debt due to the complainants, including interest, was $82.60; the mortgage debt of Collier & Jones, with interest, $881.38; amount of " cotton, &c." received by them, $264.84; and the value of the mortgaged property in Warrick's hands, $271.08. This report was confirmed without objection; and the chancellor thereupon rendered a decree, ordering Collier & Jones to pay into the hands of the register the sum of $264.84, and Warrick to deliver to the register, for sale, the property remaining in his hands; declaring that the complainants, by virtue of their execution, "which was in the hands of the sheriff before the mortgage to Collier & Jones was executed," had a prior lien on the mortgaged property, but this lien did not extend to the crop then planted; that the costs of suit must

[Collier & Jones v. Wood Brothers.]

be first paid out of the money paid over to the register by Collier & Jones, the complainant's debt out of the proceeds of sale of the property delivered up to the register by Warrick, and the balance distributed *pro rata* among Collier & Jones and other creditors.

Collier & Jones appeal from this decree, and assign each part of it as error.

M. N. CARLISLE, for appellants, cited Code, §§ 2894, 1737.

WM. H. PARKS, *contra*.

STONE, C. J.—As to all the property, then in actual existence, conveyed by Warrick's mortgage on May 21, 1886, and as to all the debt to Collier & Jones, save that part which was contracted simultaneously with the execution of the mortgage, we agree with the chancellor that the conveyance must be held a general assignment,—Code of 1886, § 1737. It is clearly shown, and without conflict, that the conveyance contains substantially all of Warrick's property, and it must "enure to the benefit of all the creditors of the grantor equally."—*Holt v. Bancroft*, 30 Ala. 193; *Stetson v. Miller*, 36 Ala. 642; *Crawford v. Kirksey*, 55 Ala. 282; *Bromberg v. Heyer*, 69 Ala. 22; 74 Ala. 524; *Watts v. Eufaula National Bank*, 76 Ala. 474.

In holding that Wood Brothers had a vital lien by virtue of their execution, which prevailed over the mortgage, the chancellor erred. Their latest execution, issued prior to the making of the mortgage, bore date December 21, 1884, and was returned April 8, 1885. This was more than twelve months before the mortgage bears date—May 21, 1886. This caused a lapse of more than an entire term, and the lien was lost.—Code of 1886, § 2894, and authorities cited. The execution issued in July afterwards could not restore the lost lien.

Under the principles declared above, it becomes important to inquire what part of the debt to Collier & Jones was contracted contemporaneously with the execution of the mortgage; for as to such part, the doctrine of general assignment does not apply. This will include every thing purchased or received by Warrick at that time, and every thing purchased and received by him subsequently, pursuant to the terms of the agreement then made.—*Tison v. People's S. & L. Asso.*,

[Wilson v. Holt.]

57 Ala. 323; *Lovelace v. Webb*, 62 Ala. 271; *Collier v. Faulk*, 69 Ala. 58.

Both the crops and other property conveyed are subject in the first instance to Warrick's debt, contracted contemporaneously with the mortgage; and this will include advances afterwards made, pursuant to the mortgage agreement. After satisfying this part of the debt due to Collier & Jones, then any balance of the property mortgaged, including crops and every thing else conveyed by the mortgage, enures equally to Collier & Jones and the complainants, *pari passu;* and to any and all other creditors, in whose favor Warrick has waived his exemptions of personal property. Creditors not having waiver of exemptions, it would seem, have no recourse against exempt property, if claimed.—*Shirley v. Teal*, 67 Ala. 449; *Danner v. Brewer*, 69 Ala. 191.

Reversed and remanded.