# Merchants & Farmers Bank v. Paulk, et. al.

124  591
138  294

*Creditors' Bill to have Conveyance Declared a General Assignment.*

1.  *Conveyance; when inures to benefit of all creditors.*—A convey-
    ance by a debtor of substantially all of his property in pay-
    ment of a prior debt, by which a preference or priority of
    payment is given to one or more of his creditors over his re-
    maining creditors, shall be and enure to the benefit of all the
    creditors of the grantor equally. Code, § 2158.
2.  *Equity in bill; notice putting on inquiry; multifariousness.*—P.
    was indebted to M. & F. Bank and also to his wife and Mrs.
    L. He conveyed to his wife two parcels of land, and to Mrs.
    L. a parcel of land—the same being substantially all of his
    property—in payment of these past due debts. Each convey-
    ance was made in contemplation of the others, and all were
    made as parts of a scheme to give preference of payment to
    the grantees. P. was insolvent. Mrs. P. executed mortgages
    on the property conveyed to her, the mortgagees having
    knowledge of the circumstances of her purchase. A bill was
    filed by the M. & F. Bank against all the parties to declare the
    conveyances general assignments for the benefit of all the
    creditors of P. The bill was dismissed for want of equity.
    *Held*: There was equity in the bill. 2. The mortgagees of
    Mrs. P. having notice of such facts as would put them upon
    inquiry as to the true state of the title, could claim no right
    superior to hers. 3. The bill was not multifarious.

APPEAL from Bullock Chancery Court.

Heard before Hon. W. L. PARKS.

Bill in equity by the Merchants & Farmers Bank
against J. A. Paulk and others to have certain convey-
ances executed by Paulk to other defendants declared
assignments for the benefit of all the creditors of
Paulk; and to have two mortgages executed by the de-
defendant, Jane Paulk, one to L. Bernheimer and the
other to the Bullock County Bank on the lands con-
veyed to her by her husband, J. A. Paulk, set aside and

[Merchants & Farmers Bank v. Paulk.] .

annulled. The facts are stated in the opinion. The bill was dismissed for want of equity. Appeal from that decree, and the cause remanded.

NORMAN & BALDWIN, for appellants, cited, *Holt & Chambers v. Bancroft*, 30 Ala. 200; *Lehman, Durr & Co. v. Griel Bros.*, 24 So. Rep. 49; *Bell v. Montgomery Light Co.*, 103 Ala. 280; *Pate v. Hinson*, 104 Ala. 601; *Morrow v. Campbell*, 118 Ala. 338; *Bell v. Goetler, Weil & Co.*, 106 Ala. 471.

JINKS & BLUE, *contra*, cited *Corey v. Wadsworth*, 25 So. Rep. 503; *Anderson v. Bullock Co. Bank*, 25 So. Rep. 523.

TYSON, J.—Prior to the amendment of the statute, absolute conveyances by a debtor of substantially of all of his property to his creditors in payment of pre-existing debts, were not within its terms, notwithstanding a preference was effected in favor of such grantees in the conveyances and the debtor stripped of all his property thereby.—*Ellison v. Moses*, 95 Ala. 221, and authorities therein cited.

By the act of February 21, 1893, (Acts 1892-93, p. 1046), the statute was amended by incorporating into it these words: "or a conveyance by a debtor of substantially all of his property in payment of a prior debt." The statute as thus amended constitutes section 2158 of the Code, and reads as follows: "Every general assignment made by a debtor, or a conveyance by a debtor, of substantially of all of his property in payment of a prior debt, by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be and enure to the benefit of all the creditors of the grantor equally," etc.

In *Gay, Hardie & Co. v. Strickland*, 112 Ala. 572, after quoting the language of the statute before the amendment, it was said: "The purpose and policy of the statute in its origin was, to withdraw from the debtor, making a transfer of substantially all of his

property as a security for the payment of debts the power he had at common law to discriminate or create preferences among and between his creditors. Such transfers are but seldom, if ever made, except in the presence of actual or apprehended insolvency; and in such an event, the law favors equality among creditors. Experience demonstrated that absolute sales in payment of debts were often resorted to, in evasion of the policy and purposes of the statute; and generally, in favor of *confidential creditors*, as they were termed; creditors who had furnished the failing debtor with means of obtaining credit to which he was not entitled, involving in loss the unsuspecting and fair dealing creditor. The purpose of the amendment of the statute, is to draw all such sales, all conveyances of substantially all of the property of a debtor, in payment of a pre-existing or prior debt, within its operation; placing such sales or conveyances upon the same footing with instruments of assignment, or of other form of security for the payment of debts; engrafting upon each the same trusts—trusts for the equal benefit of all creditors. The sale or conveyance is not annulled; nor is it regarded as fraudulent. It is preserved, as the assignment or other form of security for the payment of debts is preserved. At the election of other creditors, it inures to their benefit—the vendee becomes a trustee, holds the title passing by the sale or conveyance, but holds it for the equal benefit of all creditors, as if such had been the expressed purposes and objects of the sale or conveyance. The same construction of the statute in reference to these sales or conveyances, must be adopted, which prevailed in reference to assignments, or other instruments of security for the payment of debts. The statute was amended, drawing the sale or conveyance within its operation, with the knowledge of the lawmaker of the prevailing construction, and the presumption must be, with the intention to adopt that construction. As to assignments or other forms of security having the qualities of an assignment, they were read and construed, as if the priorities or preferences they created were blotted out, as if the statute were incorporated, and instead of the priorities or preferences, a security for the benefit of all creditors equal-

38

ly, was expressed.—*Price v. Mazange*, 31 Ala. 701; *Rapier v. Gulf City Paper Co.*, 64 Ala. 330; *Danner v. Brewer*, 69 Ala: 200. The rights of creditors attached at the time of the execution of the assignment, and were incapable of diminution or destruction by any subsequent act of the assignor or assignee, had and done without notice to them, and without their assent. It is a trust, pure and simple, the statute creates, cognizable only in the courts of equity. * * * The trust is in the nature of a lien, the enforcement of which is deemed to lie within the peculiar province of a court of equity.—*Holt v. Bancroft*, 30 Ala. 193; *Danner v. Brewer, supra.*"

The case made by the bill, which is filed in behalf of all of the creditors of Paulk, may be stated to be that prior to July 11th, 1896, Paulk became indebted to the complainant in the sum of $2,131.40 evidenced by two notes maturing respectively Oct. 28 and Nov. 1, 1896, and that about the date of the contracting of these debts, he became indebted to Mrs. Lynch in the sum of $1,000. That at the time of making these debts he was solvent and owned certain real estate described in the bill; but at their maturity he was insolvent and this real estate constituted substantially all of his property. That on the 31st day of December, 1896, he executed to his wife, Jane Paulk, in payment of a past due debt owing to her, a deed to a certain parcel of this real estate; that about the 1st day of Jaunary, 1897, he executed to his wife a deed to a certain other parcel of this real estate in payment of a past due debt, and that on the 4th day of February, 1897, he conveyed to Mrs. Lynch in payment of the debt he owed her, the remaining portion of this real estate, which conveyance to Mrs. Lynch was effectuated by an intermediate conveyance executed by Paulk to one Pitts, who on the 3rd day of March, 1897, made a deed to the lands to Mrs. Lynch upon and for no other consideration than the payment of the debt due to her by Paulk. That the deed was made to Pitts and by Pitts to Mrs. Lynch to hide the real transaction. It is alleged that each of said conveyances was made in contemplation of the other, and all were

parts and parcels of one scheme or design for the pur·
pose of giving a preference or priority of payment of the
debts due by Paulk to his wife and Mrs. Lynch.   The
bill also alleges that Mrs. Paulk after acquiring title
to the lands executed two mortgages upon them—one
to Bernheimer and the other to the Bullock County
Bank.   As to these mortgages, it is averred that at the
time of the execution of the respective mortgages held
by each of them, they, "knew how the said Mrs. Jane
Paulk acquired title to the lands, and the consideration
paid for the same, and knew the insolvent condition of
Paulk at the time he conveyed the said real estate to his
said wife."

The respondents to the bill are Paulk, Mrs. Paulk,
Mrs. Lynch, Bernheimer and the Bank.

Applying the principles above quoted from the case of
*Gay, Hardie & Co. v. Strickland* to these facts, it is clear
that there was error in dismissing the bill for want of
equity.   It is evident from the opinion of the chancellor
that he overlooked the amendment of the statute.   It is
insisted in one ground of the demurrer that Pitts is a
necessary party.   He was a mere conduit and the trustee
under the averments of the bill is Mrs. Lynch.   It is
she, who holds the lands described in the deed from Pitts
to her in trust for the equal benefit of all the creditors
of Paulk, of which she is one.   If it be true as alleged
that the mortgagees, Bernheimer and the Bank, knew
that Mrs. Paulk acquired the lands from her husband
in such manner as to make her a trustee for his cred-
itors, then no act of hers or theirs can destroy the right
of such creditors to enforce this trust against the lands,
held by her for their benefit.   Complainant's rights as
a creditor attached at the date of the execution of the
deeds, and from that moment the grantees in the convey-
ances became trustees.   As such trustees they could not
impair or destroy complainant's equitable lien upon the
lands by mortgaging or otherwise disposing of them,
to persons who had notice of such facts as would have
put them upon inquiry as to the true state of the title.

The objection taken to the bill by the Bank that it is
exhibited against several defendants for several and
distinct matters and causes, in which it is in no way in-

[Cartlidge v. Sloan]

terested or concerned and that the bill is multifarious, is without avail. The fact that Paulk made separate conveyance of parcels of his lands to several persons, in contemplation of each other and were parts and parcels of one scheme or design for the purpose of giving preference or priority to the grantees in such conveyances as creditors does not require separate bill to be filed by his creditors to subject each parcel conveyed. On the contrary, all the grantees in the various conveyances sought to be charged as trustees should be proceeded against in the same cause, and all subsequent assignees of any one of them with notice of the complainant's equity. The bill was not subject to any of the grounds of demurrer assigned to it.

The decree dismissing the bill must be reversed, a decree entered overruling the motion to dismiss for want of equity and the demurrers and the cause remanded.

*Reversed, rendered and remanded.*