# Baxley *et al.* v. Simmons, Durham & Company, *et al.*

*Bill in Equity to Declare Bill of Sale a General Assign-ment, and for Accounting by the Trustee.*

(Decided December 20, 1901.)

1. *Assignment for benefit of creditors; trusts; enforcement of in equity.*—The trust created by a conveyance by a debtor of substantially all his property, in payment of a prior debt, by which a preference is secured to one creditor over others (which under Code, §: 2158, amounts to a general assignment), is in the nature of a lien, the enforcement of which is peculi-arly within the province of a court of equity.

2. *Assignment for benefit of creditors, when bill of sale will be declared.*—A bill of sale of substantially all a debtor's prop-erty, made to one of his creditors, by which a preference or priority of payment is given to such creditor over other creditors, will be declared a general assignment and enforced as such in a court of equity (Code, § 2158), where it is made not only in payment and extinction of a debt secured by mort-gage upon part of the property, but also in payment of an-other debt not secured by the mortgage.

[Baxley *et al.* v. Simmons, Durham & Company, *et al.*]

APPEAL from Coosa Chancery Court.

Heard before Hon. R. B. KELLY.

Bill in equity by appellees and other creditors of L. C. Robinson against Robinson and A. B. Baxley, to have a certain bill of sale from Robinson to Baxley declared a general assignment for the benefit of all his creditors and enforced as such. A motion to dismiss the bill for want of equity and demurrers to the bill were overruled, and the defendants appeal. The opinion shows the facts.

J. M. CHILTON and F. L. SMITH, for appellants, cited *Fouchee v. Swain*, 80 Ala. 151; *Cox v. Birmingham Dry Goods Co.*, 125 Ala. 320; *Thornton v. Cook*, 97 Ala. 630; *Murray, Dibrell & Co. v. McNealy*, 86 Ala. 234.

WHITSON & GRAHAM, *contra*, cited Code, § 2158; *Merchants & Farmers Bank v. Paulk*, 124 Ala. 591; *Gay et al. v. Strickland*, 112 Ala. 567; *Builders & Planters Supply Co. v. Lucas*, 119 Ala. 207; *Dana v. Brewer*, 69 Ala. 191; *Morrow v. Campbell*, 118 Ala. 338; *Benedict v. Renfroe*, 75 Ala. 121; *McDermott v. Eborn*, 90 Ala. 258; *Goetter, Weil & Co. v. Smith Bros.*, 104 Ala. 489; *Adkins v. Bynum*, 109 Ala. 281; *Borland v. Mayor*, 8 Ala. 106; *Tyler v. Tyler*, 9 Am. St. Rep. 642; *Thornton v. Cook*, 97 Ala. 632.

TYSON, J.—The purpose of the bill in this cause is to annul the preference secured to Baxley by the bill of sale of the payment of his debt over other creditors of the grantor and to compel him as trustee to account for the trust property. Such a trust, if it exists, is in the nature of a lien, the enforcement of which is deemed to lie within the peculiar province of a court of equity. *Merchants & Farmers Bank v. Paulk*, 124 Ala. 591. Under the statute (§ 2158 of Code), "a conveyance by a debtor, of substantially all of his property in payment of a prior debt, by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be and enure to the benefit of all the creditors of the grantor equally;

but this section shall not apply to, or embrace mortgages or pledges or pawns given to secure a debt contracted contemporaneously with the execution of the mortgage or pledge or pawn, and for the security of which the mortgage or pledge or pawn was given." It is shown by the averments of the bill, that the bill of sale was a conveyance of substantially all of the grantor's property to Baxley in payment of a prior debt due him and that Baxley was given a preference or priority of payment of that debt under it over other creditors of the grantor. But it is insisted that the averments of the bill also show that the consideration for the bill of sale was the payment or extinguishment of the debt due Baxley, which was evidenced by notes secured by mortgage contemporaneously executed with their contractation on the property conveyed by the bill of sale and which notes were given for the purchase of said property. The manifest purpose of this insistence is to relieve the bill of sale from the condemnation of the portion of the statute first above quoted and to place the transaction within the exception engrafted for the benefit of mortgagors and mortgagees. Whether the insistence be sound is not necessary here to decide. The exclusive consideration for the bill of sale was not the payment of the notes secured by the mortgage, but the extinguishment of another note for thirty dollars held by Baxley, which was past due, entered into and formed a part of the consideration. So too the bill of sale conveyed property other than that conveyed by the mortgage, to-wit: notes and accounts of the value of three hundred dollars. To extend the exception made by the statute to a case like this so as to relieve the bill of sale or conveyance from being a general assignment, would not only be a species of legislation but would result in striking down the very purpose and policy of the statute. Doubtless while the relation of mortgagor and mortgagee existed between Baxley and Robinson the mortgage could not have been declared a general assignment, and it may be that its validity could not have been assailed by creditors.—*Cox v. Birmingham Dry Goods Co.*, 125 Ala. 320. But when the mortgage debt was paid or extinguished by the sale of the property conveyed by the mortgage and other property and

another debt was also paid, the sale became a new, distinct and independent arrangement; and the relation of mortgagor and mortgagee was dissolved; and the new and different relation of vendor and vendee was formed resting on new and different consideration.—*Goetter, Weil & Co. v. Smith Bros.*, 104 Ala. 490.

The principles declared in *Fouche v. Swain*, 80 Ala. 151, have no application. In that case the conveyance was of the identical property covered by the prior mortgage and was in extinguishment of the debt secured by it and no other.

Affirmed.