# Locke, *et al. v.* Martin.

*Bill to Declare a Conveyance a General Assignment.*

(Decided Feb. 17, 1906, 40 So. Rep. 387.)

1. *Assignment for Benefit of Creditors; What Constitutes; Deed to Single Creditor.*—When a debtor conveys all or substantially all of his effects to a creditor in payment of his debt to such creditor, it constitutes an assignment for the benefit of all his creditors, under § 2158, Code 1896.

2. *Same; Administration; Demand.*—When a debtor conveys substantially all of his property to a creditor, in payment of his debt, to the exclusion of his other creditors, equity will, without the making of any demand upon the creditor holding the assigned estate, take charge of it and administer it for the benefit of all the creditors; the holding of the assignee creditor being antagonistic to the trust.

Appeal from Calhoun Chancery Court.

Heard before Hon. W. W. Whiteside.

Charles Martin filed his bill on behalf of himself and such other creditors of E. Locke as desired to come in and make themselves parties thereto and bear their burden of the cost. The allegations of the bill are that Locke was indebted to Martin in a sum certain and Martin instituted a suit in the city court of Anniston for the recovery and obtained a judgment against Locke for the same, and on execution thereon it was returned no property found. It is alleged that Locke was seized and possessed of an equity of redemption in certain real estate set forth in the bill, and that he conveyed all of his right, title and interest in said real estate to one Blackwell for a recited consideration of $1500. It is also averred that by said conveyance Locke transferred and assigned all or substantially all of his property; that said Locke is insolvent and that the conveyance was in fraud of his other creditors and praying that the said deed of assignment be treated as a general assignment for the benefit of all the creditors. Locke and Blackwell are both made parties respondent to the bill.

Demurrers were interposed to the bill; 1st, because it does not aver that the alleged equity of redemption was of any value; 2nd, it is not shown that said equity of redemption was of the value of twenty dollars; 3rd, it is not shown in and by said bill that the whole of said consideration paid for said equity of redemption was a prior indebtedness from said Locke to said Blackwell; 4th, it is not shown that any demand was made prior to the beginning of the suit that the said Blackwell administer the property alleged to have been conveyed to him for the equal benefit of all the creditors of the said Locke, existing at the time of said conveyance. Blackwell interposed separate demurrers as follows: 1st, that in and by the prayer of said bill the share of said Blackwell in the funds arising from the sale of the said property is sought to be charged with the costs of the suit, and it is not shown that any demand was made on said Blackwell to participate with the other creditors in the property received by him prior to the filing of said bill; 2nd, it is not shown that said Blackwell knew or had any knowledge that the said Locke was conveying to him all or substantially all of his property. The chancellor overruled each of these demurrers, and the respondents appeal and assign separately the action of the court in overruling the demurrers, as error.

BLACKWELL & AGEE, for Appellant.—Section 2158 of the Code does not avoid the instrument to Blackwell as instead of the preference or priority, a security for the benefit of all the creditors equally is expressed.—*Anniston Loan & Trust Co. v. Ward,* 108 Ala. 87. By the assignment a trust pure and simple was created.—*Gay, Hardie & Co. v. Strickland,* 112 Ala. 564. The beneficiaries of a trust have no right to proceed by bill in equity to enforce their equitable rights without having first moved the trustee to act and failed to secure such action on his part.—*Bridges v. Phillips,* 25 Ala. 136; *Arnett v. Bailey,* 60 Ala. 435; *Sullivan v. Lawler,* 72, Ala. 72; *Bailey v. Selden,* 112 Ala. 593; *Blackmon v. Fitzgerald,* 130 Ala. 584.

LAPSEY & ARNOLD, for Appellee.—Objection to the jurisdiction of a court, raising the question of the amount in controversy, must be by plea or answer, and not by demurrer.—*Abraham v. Hall*, 59 Ala. 386. It was not necessary to aver a demand on Blackwell in order to maintain this bill.—*Anniston Carriage Works v. Ward*, 101 Ala. 670; *Anniston Loan & Trust Co. v. Ward*, 108 Ala. 85; *Gay, Hardie & Co. v. Strickland*, 112 Ala. 567; *Merchants & Farmers Bank v. Paulk*, 124 Ala. 591. By analogy of reasoning, minority stockholders in the corporation are not required to make a demand of defaulting directors.—*Bridgeport Co. v. Tritsch*, 110 Ala. 274. The bill is properly drawn to charge Blackwell's share with a proportion of the costs.—*Anniston Loan & Trust Co. v. Ward*, 108 Ala. 85.

SIMPSON, J.—This was a bill filed by a creditor, under section 2158 of the Code of Alabama of 1896, to have declared a general assignment a conveyance made by the debtor to one creditor of substantially all of his property to pay a debt due to said creditor. The appeal is from the decree overruling the demurrer of appellant to the bill of appellee, and the insistence of appellant is that, as the deed is not invalidated by the statute, but under it the grantee merely became a trustee for all the creditors, therefore the bill is without equity, unless there is in it an allegation that a demand has been made upon said trustee to execute said trust, and a refusal to do so.

The cases upon the subject of express trusts are not applicable. The defendant does not hold under an express trust declaring the interests of the creditor, but, on the contrary, holds under a deed which purports to convey to him the entire estate in payment of his debt, to the exclusion of other creditors. He is holding in opposition to their equities, and it is only by the operation of the statute that the creditors have an equity to have that deed declared to be (what it does not purport to be) an assignment for their benefit. In order to have declared the true nature and effect of the instrument, and to secure their rights, whenever the attempt has been

[Nixon, *et al.* v. Bolling.]

thus made to deprive them of their rights, the creditors have the right to invoke the jurisdiction of a court of equity, and the law does not require of them to leave the property in the hands of the party who has attempted to acquire the entire property, and to leave it to him to administer the estate for their interest, but the court will take charge of the property and administer the trust under its own orders. His holding, under a deed which attempted to convey the property absolutely to him, was antagonistic to the trust, and it was not necessary to make any demand on him before invoking the aid of a court of equity, in accordance with the provision of the statute. This court has always recognized the equity of such bills without any such allegatoin.—*Anniston Carriage Works v. Ward*, 101 Ala. 670, 14 South. 417; *Merchants' & Farmers' Bank v. Paulk*, 124 Ala. 591, 27 South, 468; *Gay, Hardie & Co. v. Strickland*, 112 Ala. 567, 20 South. 919.

This is the only error insisted on. The decree of the court is affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.