[J. Loeb Grocery Co. v. I. Brickman Co., et al.] ·

# J. Loeb Grocery Co. *v.* I. Brickman & Co., *et al.*

## *Bill to Declare a Preference a General Assignment.*

(Decided June 29, 1911.   56 South. 119.)

1. *Fraudulent Conveyance; Preference.*—At the common law, a debtor had a right to prefer one or more of his creditors even to the entire exclusion of others.

2. *Assignments; Benefit of Creditors; Constructive Assignment.*— Section 4295, Code 1907, makes an assignment thereunder a general one for the benefit of all creditors regardless of the character of their debts or securities, and hence, where a debtor had had a thousand dollars exempted to him in a bankruptcy proceeding, and had paid it out to certain creditors holding waive notes against him, a creditor of the same class could not require or maintain a bill against the debtor and the preferred creditors to declare said payment a general assignment for the benefit of a class, the remedy being to declare it a general assignment for the benefit of all creditors.

3. *Same; Lien; Effect.*—Where a transfer or assignment of property is declared to be a general one for the benefit of all creditors, under the provisions of section 4295, Code 1907, it does not destroy or affect any existing lien which any creditor or class of creditors had upon the property at the time of its assignment.

4. *Same; Liens; Waiver of Exemptions.*—Where creditors held notes in which the debtor waived his exemptions to personal property, the mere fact that they could have subjected such property to the payment of their debts under execution, and that such property could not be so subjected by other creditors, gives them no lien upon the property assigned or any greater rights than other creditors.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Bill by J. Loeb Grocery Company, against I. Brickman & Co., and others, to declare a preference a general assignment for the benefit of all creditors holding waive notes. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

STEINER, CRUM & WEIL, for appellant. The money paid in this case is such property as comes within the

[J. Loeb Grocery Co. v. I. Brickman Co., et al.]

meaning of section 4295, Code 1907.—*Barnett v. Bass,*
10 Ala. 951; *Hall & Farley v. Ala. Term. Co.,* 143 Ala.
481. Means or instrumentalities adopted to circumvent
the statute will not be permitted.—*Smith v. McCadden,*
138 Ala. 284; *Anniston Carriage Works v. Ward,* 101
Ala. 675. All the creditors were properly joined and
the several amounts received by them are to be taken
together as forming one general assignment under the
statute.—*Danner v. Brewer,* 69 Ala. 191; *Bank v. Paulk,*
124 Ala. 595. The exempt property of the debtor is sub-
ject to execution in favor of a creditor as to whom ex-
emption had been waived.—Sections 4172, 4231, and
4234, Code 1907. A creditor holding waiver of exemp-
tion has the same equity to complain as to the disposi-
tion of property exempt to the debtor as an ordinary
creditor would have with reference to the general prop-
erty of the debtor.—*Tillis v. Deane,* 118 Ala. 645. In
construing the statute, the court will look to the legisla-
tive intent and not to its literal expression.—*Davis v.
Thomas,* 154 Ala. 279; *Sunflower Co. v. Turner,* 158
Ala. 191. The exempt property can be disposed of by
the debtor at his will as against any of his creditors ex-
cept those in whose favor he has waived his exemptions,
and we submit the debtor had no creditors as to this
fund except such as held his obligation waiving his ex-
emption.—*Wright v. Smith,* 66 Ala. 516. The court has
no jurisdiction over the property claimed by the bank-
rupt as exempt and creditors holding instruments in
which the debtor waived his right of exemptions are
relegated to the state court for the enforcement of their
rights.—*Lockwood v. Exchange Bank*s 190 U. S. 294.
Of course, there can be no dispute as to the equity of
the bill aside from the fact that it seeks a general as-
signment for the benefit of a class of creditors.

[J. Loeb Grocery Co. v. I. Brickman Co., et al.]

JOHN V. SMITH, for appellee. In attempting to create a general assignment for a class complainants are proceeding in direct contravention of the provisions of section 4295, Code 1907.—*Eley v. Blacker & Flynn,* 112 Ala. 311. The cases cited by appellant are not in contravention of this principle, the complainants had a clear and adequate remedy at law.—*Lockwood v. Exchange Bank,* v90 U. S. 294. The failure to exercise this right cannot justify the reading of equity into the present bill.

MAYFIELD, J.—In the bankruptcy proceeding instituted to adjudicate J. S. Oppenheimer (one of the respondents) a bankrupt, $1,000 in money was set apart to said bankrupt, as his exemption as to personal property, in accordance with exemptions in bankruptcy statutes. Subsequently, the bankrupt paid this $1,000 to five of his creditors, distributing it pro rata among them. The debts due these five creditors were secured by waive notes signed by the bankrupt. Shortly thereafter, appellant, another creditor of the bankrupt, whose debt was secured by waive notes, filed this bill in behalf of itself and all the other creditors whose debts were evidenced or secured by waiver of the debtor's right to claim exemption as to personal property; and sought to have the payment of this $1,000 by the bankrupt to the five preferred creditors, declared a general assignment for the exclusive benefit of those creditors, to secure whose debts the assignor or payor had waived his right of exemption as to personal property. The respondents demurred to this bill on the ground that it sought to have the $1,000 declared a general assignment or payment, for the benefit of only one class of creditors, and not for the benefit of all. The trial court sustained the demurrer to the bill, and from that decree this appeal is prosecuted by the complainant.

[J. Loeb Grocery Co. v. I. Brickman Co., et al.]

The abstract question of law involved on the appeal is this: Can an assignment by a debtor of the personal property exempt to him, to some of his creditors, be declared a general assignment under section 4295 of the Code, for the benefit of those creditors only, against whose debts the assignor had waived his right of exemption? The trial court answered this question in the negative, and we are inclined to the opinion that the answer was correct.

Our statute (section 4295 of the Code), which was intended to prevent a debtor from preferring some of his creditors to the exclusion of others, by conveyance, assignment or transfer of substantially all of his property to such preferred creditors, is in derogation of the common law, which recognized the right of a debtor to prefer one or more of his creditors, even to the entire exclusion of others.

But for the statute in question, it is conceded that there would be no equity in this bill, there being no contention or suggestion that there was any actual fraud other than a violation of this statute. To be more exact, the only contention is that the transaction falls within the provisions of the statute. The statute does not make such a transaction fraudulent, but merely converts it into a general assignment for the benefit of all creditors, instead of a special one for the benefit of preferred creditors.

The statute makes the assignment a general one for the benefit of all creditors—regardless of the kind, character, or extent of their debts, or of the security given for the payment; and we do not feel justified in limiting it to those creditors only, who could subject the property assigned to the payment of their debts by attachment, execution, or other process. If the assignment or payment of the thousand dollars in question was a gen-

[J. Loeb Grocery Co. v. I. Brickman Co., et al.]

eral assignment, within the meaning of the statute (a question we do not decide), and it should be declared such under the statute in question, it would inure to the benefit of all the creditors by virtue of the statute, irrespective of class, or the character of security held by the creditors. The statute is not intended to destroy or otherwise affect any lien that any creditor or class of creditors had upon the property transferred or assigned by the debtor.

If a transfer or assignment of property be declared a general one for the benefit of all creditors, it in no manner destroys any existing lien which any creditor had upon the property at the time of the assignment.

It is not claimed, and cannot be plausibly contended, that the complainants had any lien upon this property by virtue of the fact that the debtor had waived his right of exemption as to his personal property against the payment of the complainant's debts. The mere fact that the complainant could have subjected his property to the payment of its debt under an execution and that such property could not have been subjected by creditors as to whose debts the debtor had not waived his right of exemption, does not confer any greater right upon the complainant under the statute in question, than is conferred upon the other creditors. The statute in question makes no distinction between creditors on account of the character or class of the security for, or evidence of, their debts.

For the reasons pointed out in the demurrer, the bill was defective, and the trial court properly so decreed.

Affirmed.

SIMPSON, ANDERSON and MCCLELLAN, JJ., concur.