# Hicks, *et al. v.* Dadeville Oil Mill.

*Bill to Declare Mortgages a General Assignment.*

(Decided May 28, 1912. 59 South. 57.)

1. *Equity; Bill; Demurrers; Admission.*—The well pleaded averments of the bill are confessed on demurrers thereto.

2. *Assignments; Benefit of Creditors; Constructive; Transactions Constituting.*—Where mortgages executed to secure prior indebtedness of the mortgagor to the mortgagee conveyed substantially all of the property of the mortgagor, and the last of the series was given to secure pre-existing debts, and to obtain an extension of the prior mortgages, and the mortgages were one transaction, such transaction operated as a general assignment for existing creditors.

3. *Same.*—Where a mortgage was given to secure supplies to be advanced by the mortgagee, but the principal part of the consideration was a prior indebtedness from the mortgagor to the mortgagee, the mortgage, substantially covering all of the mortgagor's property, will be declared a general assignment for creditors, except as to the advances stipulated to be made.

4. *Same; Mortgages as; Suit by Creditors; Pleading.*—A bill by a creditor of a mortgagor to have a mortgage declared a general assignment for the benefit of creditors, which alleges that at the time of the execution of the mortgage, by which substantially all of the mortgagor's property was conveyed to secure a pre-existing indebtedness, the mortgagor was indebted to the complaint in a specific sum in addition to other indebtedness described, is sufficient, it being alleged that the same was due although it does not specify the particular time when it became due.

5. *Same.*—Such a bill alleging that at the time of the mortgage, which conveyed substantially all the mortgagor's property, the mortgagor was indebted to plaintiff in a sum due and unpaid, is not rendered insufficient by failing to allege that complainant's debt is not barred by the statute of limitations, as that was defensive matter.

APPEAL from Tallapoosa Chancery Court.
Heard before Hon. W. W. WHITESIDE.

Bill by the Dadeville Oil Mill against W. W. Hicks and others, to declare certain mortgages a general assignment for the benefit of all creditors. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

JAMES W. STROTHER, for appellant: The bill is without equity as it fails to show a state of facts which under the law constitute any one or all of the mortgages a general assignment.—*Hall v. Bancroft,* 30 Ala. 193; *Danner v. Brewer,* 69 Ala. 191; *Inman v. Sloss,* 112 Ala. 461. Unless the facts are stated showing that it is a general assignment the conclusion of the pleader cannot import equity to it.—*McDonald v. Finch,* 131 Ala. 89; *Sayre v. Elyton L. Co.,* 73 Ala. 86.

BRIDGES & OLIVER, for appellee. A demurrer to the entire bill which only sets up the insufficiency of a portion will be overruled.—*Moore v. Ala. Bank,* 120 Ala. 89; *Worthington v. Miller,* 134 Ala. 420. Under the facts made by the bill the last mortgage, except as to the advances actually made under a stipulation, in itself constituted such a conveyance as rendered it a general assignment for the benefit of creditors.—*Danner v. Brewer,* 69 Ala. 191; *Collier v. Wood,* 85 Ala. 91; *Anniston C. Wks. v. Ward,* 141 Ala. 670; *Baxley v. Simmons,* 132 Ala. 117; *M. & F. Bank v. Paulk,* 124 Ala. 591.

DOWDELL, C. J.—The present appeal is prosecuted from the decree of the chancellor overruling the respondents' demurrer to the bill. The purpose of the bill is to have certain mortgages therein described declared a general assignment for the benefit of all creditors.

[Hicks, et al. v. Dadeville Oil Mill.] ·

The bill avers that the several mortgages, Exhibits D, E, and F, were each given to secure a prior indebtedness of the mortgagors to the mortgagees, and the said several mortgages are averred to be the property of the respondent Hicks, and it is alleged that they convey substantially all of the property of the mortgagors. The bill further shows that the last of said three mortgages, Exhibit F, which was executed by the respondents Ada E. and F. P. Wallace to the respondent Hicks on the 3d day of January, 1911, was given to secure the prior indebtedness represented and contained in the other two mortgages, Exhibits D and E, as well, also, as other preexisting debts owing by the respondents Wallace, mortgagors, to the mortgagee, respondent Hicks, and it is shown that as a part of the consideration of the last mortgage, Exhibit F, the indebtedness of the first two mortgages is extended, and it is averred that these several transactions became and were one transaction, culminating in the mortgage of January 3, 1911, which conveyed substantially all of the debtor's property.

These averments are confessed on demurrer to the bill; and, such being the facts, the transaction became and operated as a general assignment for the benefit of existing creditors.—*Danner & Co. v. Brewer & Co.,* 69 Ala. 191; *Collier v. Wood,* 85 Ala. 91, 4 South. 840; *Anniston Carriage Works v. Ward,* 101 Ala. 670, 14 South. 417; *Merchants' & Farmers' Bank v. Paulk,* 124 Ala. 591, 27 South. 468; *Baxley v. Simmons, Dunham & Co.,* 132 Ala. 117, 31 South. 76.

It may be that a part of the consideration for the mortgage of January 3, 1911, was for the supplies to be advanced by the mortgagee to the mortgagors; but the principal part of the consideration was a prior indebtedness from the mortgagors to the mortgagee, and this is shown by the recitals in the mortgage itself. In such

a case, where substantially all of the debtor's property is conveyed, the mortgage will be declared a general assignment for the benefit of all of the creditors, except as to the advances stipulated to be made.—See *Collier v. Wood, supra.*

It is averred in the bill that at the time of the execution of the mortgage of January 3, 1911, by which it is alleged that substantially all of the debtor's property was conveyed, the mortgagors were indebted to the complainant in the sum of $421.46, in addition to other indebtedness therein described. This is sufficient for the purposes of the bill, without specifying the particular time the same became due; it being alleged that it was then due and unpaid. It is not necessary for the bill to show that the debt of complainant was not barred by the statute of limitations. That is a matter of defense —if it exists—that may be shown by plea.

What we have said covers the main objections taken to the bill on demurrer and insisted on in brief. Other objections are without merit. We find no error in the decree of the chancellor overruling the demurrer, and the decree will be affirmed.

Affirmed. All of the Justices concur.