## Aycock v. Ft. Branch Mill. Co.

*Bill to Declare a Conveyance a General Assignment.*

(Decided February 6, 1914. Rehearing denied May 8, 1913.
62 South. 94.)

1. *Fraudulent Conveyance; Consideration; Extension of Time for
Payment.*—An extension of time for payment of an existing indebted-
ness by the creditor may afford a consideration independent of all
the old indebtedness on the theory of detriment suffered by the cred-
itor, and advantage inuring to the debtor; where, however, the
debtor is insolvent and assigns substantially all of his property to
the creditor in consideration of the extension of time for payment
to a time certain of part of the indebtedness which is left unpaid,
there is no consideration to support the assignment.

2. *Evidence; Presumption; Insolvency.*—Insolvency once shown is
presumed to continue for a reasonable time thereafter.

3. *Assignments; General; Benefit of Creditor; Insolvent.*—Under
section 4295, the transfer by an insolvent of all his property oper-
ates as a general assignment for the benefit of all creditors, whether
the assignee knew of the debtor's insolvency or not.

4. *Same; Effect.*—A decree adjudging an assignment to be a gen-
eral assignment for the benefit of all creditors is not rendered er-
roneous by restricting the beneficiaries of the assignment to those
creditors in whose favor the debtor had waived his exemptions, it ap-
pearing that the personal property assigned was of less value than
$1.000.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. Simpson.

Bill by the Ft. Branch Milling Company against W. H. Aycock to declare a conveyance to him a general assignment inuring to the benefit of all the grantor's creditors. Decree for complainant and respondent appeals. Affirmed.

KYLE & HUTSON, for appellant. Under the facts there was a new consideration other than the old indebtedness for making of the bill of sale, and it did not constitute a general assignment for the benefit of creditors. By filing the bill the validity of the transfer is admitted. *Smith v. McCann,* 138 Ala. 290; *Green v. Wright,* 160 Ala. 478; *Snellgrove v. Evans,* 145 Ala. 603; *Randolph v. Webb,* 116 Ala. 141; *Whitfield v. Riddle,* 78 Ala. 100; *Thames v. Rembert,* 63 Ala. 561; *Forbes P. Co. v. Reynolds,* 56 South. 272. The prayer of the bill is the essential part of the bill, and there is no suggestion of relief upon the ground of fraud anywhere in the prayer. —*Driver v. Fortner,* 5 Port. 9.

E. W. GODBEY, for appellee. The cause should be affirmed on the following authorities.—*Danner v. Brewer,* 69 Ala. 191; *Stevens v. Regenstein,* 89 Ala. 561; *Norwood v. Washington,* 136 Ala. 657; 7 Fed. 760; 17 Cyc. 817, 820. Under these authorities the sale was both fraudulent and preferential, and inured to the benefit of all the creditors under section 4295, Code 1907.

McCLELLAN, J.—This bill's single theory and purpose is to have a debtor's assignment and transfer of substantially all of his property to a single creditor declared a general assignment and as such enforced for the benefit of all creditors of the debtor entitled to participate in the distribution of the fund thus subjected. It clearly appears that at the time Sims (the debtor)

made the assignment and transfer to Aycock (the creditor) Sims was insolvent. And it is equally clear that the assignment thus made was of substantially all of Sims' property.

It is insisted for appellant that since Aycock, by the terms of the agreement between Sims and Aycock, extended the time of payment of the unpaid, by assignment, part of Sims' indebtedness to Aycock, a new consideration, of then present efficacy, was afforded the assignment. An extension of time of payment, by a creditor, of an existing indebtedness, may afford a consideration independent of the old indebtedness; but this is upon the theory of detriment suffered by the creditor and of advantage inuring thereby to the debtor.

Where, as here, the debtor is insolvent, and under such circumstances assigns to the creditor substantially all of his property, and yet leaves unpaid the part of the indebtedness the time for payment of which the creditor extends to a definite date 11 months after, there could not be present a detriment suffered by the creditor nor an advantage inuring the impotent debtor. Insolvency, once shown, is presumed to continue for a reasonable time.—22 Am. & Eng. Enc. Law, p. 1239. If extensions under such circumstances were treated as affording a new, *present* consideration for assignments by insolvent debtors to their creditors, the statute against preferential dispositions of property by such debtors would be defeated of effect. Aycock was not a bona fide purchaser for value.

The statute (Code, § 4295) ex vi termini rendered the transfer of all his property by Sims to Aycock a general assignment, and it inured to the benefit of the complainant and all other creditors similarly entitled. —*Smith v. McCadden,* 138 Ala. 284, 36 South. 376. It was wholly immaterial whether Aycock knew of Sims'

insolvency when the transfer was made, or of his indebtness to complainant or others at the time. Insolvency and an assignment of substantially all of the debtor's property to a creditor or creditors, thereby working a preference, are the concomitant facts upon which the statute operates to characterize the act as a general assignment.

The case of *Randolph v. Webb,* 116 Ala. 135, 22 South. 550, was unaffected by the statute (section 4295) as we now have it.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.

### ON REHEARING.

MCCLELLAN, J.—The decree appealed from contains this adjudication: "It is therefore considered, adjudged, and decreed by the court that said sale was a general assignment, which inured to the benefit of all the creditors of said Sims having obligations waiving exemptions.   *   *   *"

The complainant is a creditor in whose favor Sims waived his exemptions. The personal property assigned to Aycock by Sims was of a value less than $1,000—the maximum, in value, of exemptions of personal property of the character here involved. It is now insisted for appellant, and so upon the conceived authority of *Loeb Grocery Company v. Brickman & Company,* 173 Ala. 316, 56 South. 119, that the decree is affected with error for that it restricts the beneficiaries of the adjudged general assignment to those creditors in whose favor Sims had waived his exemptions. The contention can-

not be sustained.—*Collier & Jones v. Wood,* 85 Ala. 91, 95, 4 South. 840.

The decision in the *Loeb-Brickman Appeal, supra,* turned upon the sufficiency, on demurrer, of a bill seeking to have a disposal of *all* of the debtor's property (which was in that case of a value not exceeding $1,000) in paying and thus preferring, certain creditors who held the debtor's waiver of exemptions, declared a general assignment for the *exclusive* benefit of all creditors holding the debtor's waiver of exemptions. There, the question was one of pleading *only.* Here, the point of the objection is the decree's administration and distribution of the subject of the general assignment—so soundly adjudged under the statute (Code, § 4295) upon a bill for that purpose filed by one who holds a waiver of the debtor's exemptions. The effect of the statute is to deny the debtor's right, as at common law, to prefer a creditor or creditors. Both the spirit and the letter of the statute are made justly effective by giving it an operation that forbids the preference by a debtor, in assigning his exempt property, of one or more creditors against whose debts exemptions have been waived, over another or other creditors holding a like waiver of the debtor's exemptions. In such cases the judicial pronouncement that the assignment is a general assignment cannot, of course, be given the effect to let in *general* creditors (without waivers) to share in the distribution; for, as said in *Shirley v. Teal,* 67 Ala. page 452, "we cannot appreciate the force of the logic which would convert a special waiver in favor of one, into a general waiver in favor of all," the debtor's creditors, whether holding the debtor's waiver or not. Furthermore, to do so would unjustly deprive the provident creditors, who took waivers from the debtor, of the benefit of their contracts in this respect.

There are expressions in *Loeb Grocery Company v. Brickman, supra,* that are not in harmony with these conclusions; and to that extent that decision is qualified.

Rehearing denied.